UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:  Case No. 9:13-bk-06693-FMD
 Chapter 13
James Occhiogrosso and
Geraldine McDonnell,

    Debtors.
_____/

### 3rd AMENDED CHAPTER 13 PLAN

**CHECK ONE:**

__X__ The Debtor certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in Additional Provisions, paragraph 5 below. Any nonconforming provisions not set forth in paragraph 5 are deemed stricken.

**1. MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor[1] to pay to the Trustee for the period of **SIXTY (60)** months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A.     $ **2204.45** for months **1** through **2**;
B.     $ **442.00** for months **2** through **7**; and
C.     $ **331.15** for months **8** through **60**;

in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE: $4,100.00    TOTAL PAID: $1,600.00**

**Balance Due: $ 2,500.00**      **Payable Through Plan $ _____ Monthly**

**3. PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

**Name of Creditor**                                                                **Total Claim**

None

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

    **Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

| Name of Creditor | Collateral | Adequate Protection Pmt. in Plan |
|---|---|---|
| None | | |

    **(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments Paid through the Plan:** Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Collateral | Estimated Payment |
|---|---|---|
| None | | |

    **(B) Claims Secured by Real Property Which Debtor Intend(s) to Retain / Arrearages Paid through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor | Collateral | Arrearages |
|---|---|---|
| None | | |

    **(C) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

| Name of Creditor | Collateral | Payment Amt (at 31%) |
|---|---|---|

None

**(D) Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| Creditor | Collateral | Ad. Prot. Pmt. | Sec. Balance | Interest @ | % |
|---|---|---|---|---|---|

None

**(E) Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

| Creditor | Collateral | Ad. Prot Pmt. in Plan | Value | Interest @ | % |
|---|---|---|---|---|---|

None

**(F) Claims secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

| Name of Creditor | Collateral | Ad. Prot. Pmt. in Plan | Arrearages |
|---|---|---|---|

None

**(G) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate any co-debtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral |
|---|---|

None

**(H) Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these

3

creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any applicable co-debtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

| **Name of Creditor** | **Property/Collateral to be Surrendered** |
|---|---|
| Bank of America (first mortgage) | 22444 Fountain Lake Estero, Fl 33928 |
| Bank of America (second mortgage) | 22444 Fountain Lake, Estero, Fl 33928 |
| Capital One (Yamaha) | (Co-signer only, not owner) |

### SECURED – LIENS TO BE AVOIDED/STRIPPED:

| **Name of Creditor** | **Collateral** | **Estimated Amount** |
|---|---|---|
| Bank of America | 9846 Springlake Cir, Estero, FL 33928 | *See \* below* |
| Lakes of Estero HOA | 9846 Springlake Cir, Estero, FL 33928 | $ 18,000.00 |

\*- Agreed Order Granting Motion to Value Property at $195,000.00 signed on January 15, 2014 to be paid as follows: $195,000.00 amortized 15 years, balloon 5 year/60 month of Debtors' Plan with an interest rate of 5.25%. Post-petition escrow payment of $91.25 per month for 60 months representing pro-rated flood insurance of $1,008.50, 2013 real estate taxes of $2,669.34, and property insurance of $1,797.41. Debtors have paid for flood and property insurance and policies have been provided to creditor. Debtors will continue to pay flood and property insurance premiums and real estate taxes directly, without escrow. The automatic stay remains in effect during pendency of bankruptcy.

### LEASES/EXECUTORY CONTRACTS:

| **Name of Creditor** | **Property** | **Assume/Reject-Surrender** | **Estimated Arrears** |
|---|---|---|---|
| None | | | |

**GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $ **0.00**.

### ADDITIONAL PROVISIONS:

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate (check one)\*

4

(a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(b) __X__ shall vest in the Debtor upon confirmation of the Plan.

*If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

5. Case Specific Provisions: None

_/s/ James Occhiogrosso_
Debtor

Dated: February 14, 2014

_/s/ Geraldine McDonnell_
Co-Debtor

Dated: February 14, 2014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing 3rd Amended Chapter 13 Plan was provided by CM/ECF electronic notice service to the persons/entities on the attached mailing matrix on February 14, 2014.

/s/ Linda K. Yerger
Linda K. Yerger, Esq.
Florida Bar No. 0645893
*Attorney for Debtors*
YERGER | TYLER, P.A.
1570 Shadowlawn Drive
Naples, FL 34104
Telephone No.: (239) 732-5555
Facsimile No.: (239) 774-5416
Correspondence E-mail: lkyerger@embarqmail.com
Service E-mail: documents@yergertyler.com

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-9<br>Case 9:13-bk-06693-FMD<br>Middle District of Florida<br>Ft. Myers<br>Fri Feb 14 16:33:51 EST 2014 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A. c/o Prober & Raphael,<br>c/o Dean R Prober<br>20750 Ventura Boulevard, Suite 100<br>Woodland Hills, CA 91364-6207 |
| Bank of America, N.A..<br>c/o Victor H. Veschio, Esq.<br>2001 W. Kennedy Blvd.<br>Tampa, FL 33606-1532 | American Express<br>P.O. Box 981535<br>El Paso, TX 79998-1535 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 |
| Bank Of America, N.A.<br>7105 Corporate Drive<br>Plano, TX 75024-4100 | Bank of America, N.A.<br>Bk. Dept.,<br>P.O. Box 26012, NC4-105-02-99<br>Greensboro, North Carolina 27420-6012 | Bank of America, N.A.<br>P.O. Box 660933<br>Dallas, TX 75266-0933 |
| CERASTES, LLC<br>C O Weinstein And Riley, PS<br>2001 Western Avenue, Ste 400<br>Seattle, Wa 98121-3132 | Capital One, N.A.<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712-1083 | Chase Freedom<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 |
| Citi Cards<br>Processing Center<br>Des Moines, IA 50363-0001 | Department of Revenue<br>PO Box 6668<br>Tallahassee, FL 32314-6668 | Discover<br>POB 71084<br>Charlotte, NC 28272-1084 |
| Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | GECRB/Dillards<br>P.O. Box 960012<br>Orlando, FL 32896-0012 |
| GECRB/JC Penny<br>P.O. Box 960090<br>Orlando, FL 32896-0090 | IRS<br>Dept of Treasury<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Lakes of Estero HOA<br>9750 Springlake Cir<br>Estero, FL 33928-6284 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | TD BANK USA, N.A.<br>C O Weinstein And Riley, PS<br>2001 Western Avenue, Ste 400<br>Seattle, Wa 98121-3132 |
| Target National Bank<br>P.O. Box 660170<br>Dallas, TX 75266-0170 | Yamaha/Capital One<br>c/o Bass & Associates, PC<br>3936 E Ft. Lowell Rd, Suite 200<br>Tucson, AZ 85712-1083 | Geraldine McDonnell<br>199 Cauiller Court<br>North Fort Myers, FL 33917-2922 |
| James Occhiogrosso<br>199 Cauiller Court<br>North Fort Myers, FL 33917-2922 | Jon Waage<br>P O Box 25001<br>Bradenton, FL 34206-5001 | Linda Kay Yerger<br>Yerger / Tyler P.A.<br>1570 Shadowlawn Drive<br>Naples, FL 34104-4321 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank of America, N.A.<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410-8119 | (d)Bank of America<br>4161 Piedmont Pkway<br>Greensboro, NC 27410-8119 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 |

End of Label Matrix
Mailable recipients    29
Bypassed recipients     0
Total                  29